PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ANDRÉS TORRES-GÓMEZ, Defendant and Appellant.

No. 2405. Argued April 14, 1925.—Decided July 8, 1925.

MURDER—MANSLAUGHTER—FORMER JEOPARDY.—After the jury had been impaneled and sworn the defendant made a so-called "motion of former jeopardy" in the nature of a motion to quash the indictment on the theory of an acquittal of the charge of murder by reason of the previous conviction of manslaughter. *Held:* That although the trial had been conducted up to the time of the motion as one for murder in the first degree, it can not be said that overruling the motion was error in the absence of authority or argument more persuasive than the vague suggestion of possible prejudice in the minds of the jury.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of conviction of manslaughter. *Affirmed.*

*Fernando B. Fornaris* and *Cristino R. Colón* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant was tried upon an indictment for murder and convicted of manslaughter. On appeal the judgment was reversed and the case remanded for a new trial. 33 P.R.R., page 179, decided May 26, 1924.

Thereupon defendant was again tried upon the same indictment, but under instructions covering manslaughter only and excluding the possibility of a conviction of the higher offense. Again the jury found defendant guilty of manslaughter; and he now insists that the second judg-

ment should be likewise reversed for reasons stated as follows:

"1.—That the court erred in denying a motion of former jeopardy in connection with the crime of murder, which the accused presented by his attorney;

"2.—That the court erred in allowing the *fiscal* to avail himself of the previous verdict referring thereto as a reason or justification for trying the case anew;

"3.—That the court erred in its ruling on the motion of former jeopardy in connection with the crime of murder, which should have been submitted to the jury for its consideration;

"4.—That the court erred in its instructions to the jury in that they do not harmonize with the information upon which the trial was had, thus causing confusion in the mind of the jury;

"5.—That the verdict of the jury is contrary to law and to the evidence produced in the case."

The so-called "motion of former jeopardy" was not in the form of a plea, but rather in the nature of a motion to quash or "dismiss" the indictment, upon the theory of an acquittal of the charge of murder by reason of the previous conviction of manslaughter.

This motion was not made until after the jury had been impanelled and sworn and the indictment read.

The prosecuting attorney objected to the proposed "dismissal" upon the ground that the motion came too late, citing *People* v. *Marrero,* 18 P.R.R. 888; *People* v. *Mc-Farlane,* 138 Cal. 481, and 7 Cal. Jur., sec. 101. Nevertheless, the *fiscal* conceded and volunteered the suggestion that the proper course, in the circumstances, would be to proceed with the trial as one for manslaughter only under proper instructions to the jury.

Thereupon the judge denied the motion and the defense excepted "because," as stated by counsel, "we understand that there is no indictment."

It is quite true, as pointed out by appellant, that up to the time of this motion the case had been conducted as a trial for murder in the first degree. Indeed, the first

twenty pages or more of the stenographic record might be said to contain a sort of census of qualified and disqualified jurors in a capital case, and to this extent might be made the basis for a tabulated statement as to conflicting views in the district in regard to the death penalty.

But the active cooperation of counsel for defendant in staging an expensive farce of the kind indicated does not tend to strengthen the contention now made that the court below erred in denying the long delayed motion to quash, when the question of a former acquittal was finally brought to its attention. In the absence of any citation of authority demanding serious consideration or of any more persuasive argument than a vague suggestion of possible prejudice in the minds of the jurors, as a result of these formidable preliminaries, we are not prepared at this time to say that the trial judge erred as intimated in the first assignment.

The record does not disclose the fact, if it be a fact, that the *fiscal* referred in argument to the previous verdict, to say nothing of objection made to such comment, or of any ruling thereon, or of exception taken to such ruling, if made.

The supposititious error suggested in the third assignment, if committed, was invited and superinduced by counsel for defendant. Nor is a vivid imagination required to picture what the attitude of counsel on appeal might have been if the trial judge had charged the jury upon murder in the first and second degrees as issues involved in the case and had left to them the question of fact as to a former acquittal *vel non*, in the absence of any formal plea or disclosure of an intention to defend upon such ground, or of evidence adduced upon such a theory, or of any request for the submission of such an issue.

There is no complaint of the instructions actually given, covering the matter of manslaughter, which upon the whole were fair and as favorable to defendant as can be reason-

ably expected. The argument under the fourth assignment is almost as brief and as unintelligible as the assignment itself. In so far as we understand it, the answer may be found in what has been said already with reference to the third assignment.

There was evidence tending to show self-defense, and some testimony which, if believed, as apparently it was believed by the jury, sufficed to support a verdict of manslaughter. The refusal of the trial judge to grant a new trial is not assigned as error and we are not disposed to disturb the conclusion reached by two different juries who heard the testimony as it came from the witnesses on the stand.

The judgment appealed from must be affirmed.